IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LISA SMITH, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 3:12-CV-1084-WKW |
| ) | [WO] |
| FORD MOTOR COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

Defendant Ford Motor Company ("Ford") removed this action from the Circuit Court of Chambers County, Alabama, pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446(b)(1), on fraudulent joinder grounds. Plaintiffs responded by filing a motion to remand. (Doc. # 6.) In response to the motion to remand, Ford submitted an opposition brief and a motion to realign the allegedly fraudulently joined defendant as an additional plaintiff. (Docs. # 9, 10.) Based upon the arguments of counsel and the relevant law, Plaintiffs' motion to remand is due to be granted and Ford's motion to realign is due to be denied.

### I. BACKGROUND

This lawsuit arises out of a single-vehicle rollover accident. On February 4, 2012, Annie Lois Perdue was driving a 1998 Ford Explorer on interstate 85 with passengers Betty Jean Willingham, Lisa Smith, and Alice Person. Ms. Perdue lost control of the

Explorer, causing it to rollover on the roadway and into the median. Tragically, Ms. Perdue and Ms. Willingham died, and Ms. Smith and Ms. Person sustained serious and permanent injuries.

The administrator of Ms. Willingham's estate, Ms. Smith, and Ms. Person brought suit in state court against Ford and the administratrix of Ms. Perdue's estate. The complaint asserts state-law claims against Ford for product liability, negligence, wantonness, and breach of implied warranty. It also contains a single claim against the administratrix of Ms. Perdue's estate, alleging that Ms. Perdue "negligently operated her vehicle so as to lose control." (Compl. ¶ 41.) In state court, the administratrix of Ms. Perdue's estate filed an answer to the complaint. The answer asserts Alabama's Guest Statute as an affirmative defense. *See* Ala. Code § 32-1-2 (1975). The administratrix of Ms. Perdue's estate also filed a crossclaim against Ford that mirrors the original Plaintiffs' claims against Ford.

Ford removed this action, asserting diversity of citizenship on the theory that Ford is completely diverse from each Plaintiff, that Plaintiffs fraudulently joined the administratrix of Ms. Perdue's estate, and that the amount in controversy exceeds $75,000. In its notice of removal, Ford asserts that Plaintiffs cannot state a negligence claim against the administratrix of Ms. Perdue's estate because Alabama's Guest Statute bars the claim as a matter of law. Plaintiffs move to remand, arguing that there is no

fraudulent joinder and hence no basis for asserting diversity jurisdiction.[1] Ford opposes remand and also moves the court to realign the administratrix of Ms. Perdue's estate as a plaintiff, asserting that realignment would confer diversity jurisdiction over this removed action and moot the motion to remand.

## II.  DISCUSSION

The discussion contains two parts.  Part A addresses Plaintiffs' motion to remand and the allegedly fraudulent joinder of the administratrix of Ms. Perdue's estate.  Part B addresses Ford's motion for realignment of the parties.

**A.     Plaintiffs' motion to remand is due to be granted because Plaintiffs did not fraudulently join the administratrix of Ms. Perdue's estate.**

Federal courts owe a "strict duty" to exercise the limited jurisdiction Congress confers on them.  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (Federal courts "possess only that power authorized by Constitution and statute.").  The law favors remand where federal jurisdiction is not absolutely clear, and courts must construe removal statutes narrowly.  *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1329 (11th Cir. 2006).

---

[1] The amount-in-controversy requirement for diversity jurisdiction is not at issue.  *See* § 1332(a).

Ford's § 1441(a) removal rests on § 1332(a)'s diversity jurisdiction. Diversity jurisdiction requires complete diversity. "Complete diversity requires that no defendant . . . be a citizen of the same state as any plaintiff." *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005). Although Ms. Perdue and Plaintiffs are Georgia citizens,[2] Ford contends that Plaintiffs joined the administratrix of Ms. Perdue's estate solely to defeat diversity jurisdiction.

The presence of a fraudulently joined, non-diverse defendant does not defeat diversity jurisdiction. Where the joinder is fraudulent, the court "must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007). A defendant's

---

[2] Whether Ford properly has identified the citizenship of the parties is in question. First, Ford relies upon the Complaint's allegations that Plaintiffs are "residents" of Georgia (Not. of Removal ¶ 6), but "residency is not the equivalent of citizenship for diversity purposes." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1295–96 (11th Cir. 2009). Second, Ford cites the Complaint's allegations with respect to the citizenship of the legal representatives of Ms. Willingham's estate and Ms. Perdue's estate. (Compl. ¶¶ 3, 6.) But the Complaint identifies only the *legal representatives*' *residences*. When the party is the legal representative of the decedent's estate, the relevant citizenship is that of the decedent, not the legal representative. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ."). Neither the Complaint nor the Notice of Removal sheds light on the *citizenship of the deceased*. (*See also* Crossclaim ¶ 2 (alleging that Ms. Perdue is a "resident of Georgia").)

Notwithstanding these deficiencies, a removing defendant's failure to allege specifically the citizenship is a procedural, not a jurisdictional, defect that a defendant may cure by amendment. *Corporate Mgmt.*, 561 F.3d at 1297; 28 U.S.C. § 1653. Because Plaintiffs have not disputed that they and Ms. Perdue share the same state of citizenship, the court will dispense with the formality of amendment and proceed to the fraudulent joinder analysis, which is dispositive and requires remand.

joinder is fraudulent when no "reasonable possibility" exists that the plaintiff can establish a cause of action against the non-diverse defendant. *Legg v. Wyeth*, 428 F.3d 1317, 1324 (11th Cir. 2005); *see also Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011).

The removing party bears the burden of proving fraudulent joinder by "clear and convincing evidence," and this burden is "a heavy one." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). A court examines fraudulent joinder based on the plaintiff's pleadings at the time of removal, but it also "may consider affidavits or deposition transcripts submitted by the parties." *Id.*; *see also Legg*, 428 F.3d at 1324. Additionally, the court construes "the factual allegations in the light most favorable to the plaintiff." *Crowe*, 113 F.3d at 1538. In this way, the inquiry resembles that required on a motion for summary judgment; however, the inquiry differs in that the court may not "weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Id.*

The broad question is whether there is a reasonable possibility that Plaintiffs can prove a negligence cause of action against the administratrix of Ms. Perdue's estate. Ford contends that there is not because Alabama's Guest Statute bars Plaintiffs' claim for negligence against the administratix of Ms. Perdue's estate. Thus, the discussion turns to the Guest Statute.

Alabama's Guest Statute is an affirmative defense. *Neal v. Sem Ray, Inc.*, 68 So. 3d 194, 195 (Ala. Civ. App. 2011). The Eleventh Circuit has "acknowledged that, under some circumstances, application of an affirmative defense can support a finding of fraudulent joinder" in a removed case. *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1298 n.3 (11th Cir. 2007) (quoting *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1283–84 (11th Cir. 2006)). The Guest Statute was not at issue in either *Florence* or *Henderson*, but the court will assume without deciding that in an appropriate circumstance, the Guest Statute can preclude liability and, thus, prove fraudulent joinder so as to establish diversity jurisdiction.

The Alabama Legislature adopted the Guest Statute to counteract the injustice that occurred "where generous drivers, having offered rides to guests, later found themselves defendants in cases that often turned upon close questions of negligence." *Boggs v. Turner*, 168 So. 2d 1, 3 (Ala. 1964). It provides:

> The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner, or person responsible for the operation of the motor vehicle.

Ala. Code § 32-1-2 (1975). The Guest Statute precludes a rider who is injured or killed during transport in a motor vehicle from recovering against the vehicle's driver for

6

personal injuries or death unless (1) the driver was guilty of willful or wanton misconduct or (2) the rider was not a "guest . . . being transported without payment." *Id.* Plaintiffs concede that they do not allege a claim of willful misconduct or wantonness against the administratrix of Ms. Perdue's estate; thus, Plaintiffs may avoid the Guest Statute's bar on their negligence claim only if Ms. Willingham, Ms. Smith, and Ms. Person were not guests traveling with Ms. Perdue on the day in question.

The Guest Statute does not define "guest," other than to disqualify one who provides payment for the ride, but the Alabama courts have provided some guidance. Whether a rider qualifies as a guest or a "passenger for hire" depends upon the circumstances of the case. *Boggs*, 168 So. 2d at 3. "If the transportation of a rider confers a benefit only to the person to whom the ride is given, and no benefits other than hospitality, goodwill, or the like are conferred on the person furnishing the transportation, then the rider is a guest." *Glass v. Clark*, 100 So. 3d 1074, 1078 (Ala. Civ. App. 2012) (citations and internal quotation marks omitted). Similarly, where the only benefit the rider provides the driver is companionship, the rider is a guest. *Neal v. Sem Ray, Inc.*, 68 So. 3d 194, 201 (Ala. Civ. App. 2011). The benefit must be "material and tangible" for the rider to lose "guest" status. *Id.* at 199. Where, for example, the rider's presence promotes "the mutual interest of both the rider and the driver for their common benefit, thus creating a joint business relationship," or is "primarily for the

7

attainment of some objective of the driver," then the rider is a passenger for hire and not a guest. *Glass*, 100 So. 3d at 1078 (internal quotation marks and citations omitted); *see also Baker v. Tri-Nations Express, Inc.*, 531 F. Supp. 2d 1307, 1314 (M.D. Ala. 2008) (summarizing the Alabama courts' definition of "guest" under the Guest Statute).

The narrow question is whether Ford, as the removing defendant, has demonstrated that Ms. Willingham, Ms. Person, and Ms. Smith were guests within the scope of the Guest Statute at the time of the accident. The short answer is that it has not.

Ford submits no affidavits or other evidence. Instead, Ford relies on the Complaint and the Answer that asserts the Guest Statute as an affirmative defense. The Complaint is devoid of any facts bearing on the Guest Statute's applicability. And the Answer does not fill the factual void, as it is conclusory. (*See* Answer, at 1 (Doc. # 1-4) (The administratrix of Ms. Perdue's estate "avers that the Alabama Guest Statute . . . is a bar to recovery against this defendant and this defendant pleads the Guest Statute and its legal effect on plaintiffs' claims.").) The court is left, therefore, with a removal record that gives rise to a plethora of factual questions concerning the circumstances of the transportation on the day in question. Among those questions are the following: What benefits, if any, did the passengers (*i.e.*, Ms. Willingham, Ms. Person, and Ms. Smith) receive or confer? Was Ms. Perdue providing a ride for the passengers solely as an act of benevolence or courtesy? Or were Ms. Willingham, Ms. Person, and Ms.

Smith along for the ride only to provide Ms. Perdue companionship? Did Ms. Perdue obtain any monetary benefit from the shared travel arrangements? For example, did Ms. Willingham, Ms. Person, or Ms. Smith help pay for gas or other expenses associated with the trip? Did the passengers accompany Ms. Perdue to provide a service for fulfilling some aim of Ms. Perdue's? Or did Ms. Perdue, Ms. Willingham, Ms. Person, and Ms. Smith share a common benefit in their travels? Was the purpose of the trip business or pleasure or a combination of both? All of these questions, although pertinent to the applicability of the Guest Statute, are left unanswered.

Whether the Guest Statute precludes the possibility that Plaintiffs can establish a negligence claim against the administratrix of Ms. Perdue's estate cannot be decided in a factual void. And Ford, as the removing defendant, must shoulder the blame for the lack of a factual record. In short, the removal record fails to sustain Ford's heavy burden of proving fraudulent joinder.

Ford raises two arguments, however, in favor of a finding of fraudulent joinder. First, Ford places the blame for the lack of a factual record on Plaintiffs. Ford argues that its removal is proper because in state court, the administratrix of Ms. Perdue's estate filed an Answer that raised the Guest Statute as an affirmative defense, and Plaintiffs failed to rebut that defense either by amending the complaint or by submitting evidence. Ford contends that, after the assertion of the affirmative defense, it was "incumbent on

9

Plaintiffs to present some evidence or at least some pleading that they were not 'guest[s]'" in order to negate the Guest Statute's bar. (Ford's Resp. to Mot. to Remand, at 4 (Doc. # 10).) But notably absent is any authority to support that contention. *Cf. Maconeghy v. Cooper Tire & Rubber Co.*, No. 07-0539, 2007 WL 2904152, at *3 (S.D. Ala. Oct. 1, 2007) (granting the plaintiff's motion to remand and observing that the defendant "ma[d]e no attempt to demonstrate that Alabama law requires a plaintiff to 'plead around' the affirmative defense of no causal relation"). Ford does cite *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553 (11th Cir. 1989), which reiterates this Circuit's well-established removal rule that the fraudulent joinder "determination[ ] should be made based upon the plaintiff's pleadings at the time of removal." *Id.* at 1561. *Cabalceta* did not hold, as Ford suggests, that on removal the Complaint must contain allegations that rebut an affirmative defense, but rather *Cabalceta* concluded that the complaint was "devoid of any legal or factual allegations" to support a theory upon which the plaintiff bore the burden of proof. *Id.* at 1562. And *Cabalceta* recognized that the fraudulent joinder analysis properly includes consideration of submitted affidavits and deposition testimony, *see id.* at 1561.

Ford did not submit any evidence to demonstrate the Guest Statute's applicability. *Cf. Legg*, 428 F.3d at 1322 (uncontradicted affidavits submitted by the diverse defendant in support of removal established the fraudulent joinder of the non-diverse defendants).

It may be that in state court this action had not yet progressed to the stage where Ford could obtain evidence to substantiate the requirements for federal removal jurisdiction. But having removed this case under § 1446(b)(1) on the basis of the initial complaint, rather than awaiting "an amended pleading, motion, or other paper," § 1446(b)(3), Ford cannot sustain its removal burden by offering no facts whatsoever in support of the application of the Guest Statute.  On this record, Ford's position is tantamount to requiring Plaintiffs to disprove the existence of federal removal jurisdiction, and that position is contrary to well-established removal jurisprudence that the removing defendant bears the heavy burden of proving fraudulent joinder.

Second, Ford contends that Plaintiffs do not have a "good faith intention" to prosecute their claims against the administratrix of Ms. Perdue's estate. (Ford's Resp. to Mot. to Remand, at 9.)  Ford relies upon *Faulk v. Husqvarna Consumer Outdoor Products N.A., Inc.*, 849 F. Supp. 2d 1327 (M.D. Ala. 2012).  There, the plaintiff had not served the non-diverse defendant, despite ample time and opportunity to do so, and had represented that he would not pursue his claims against the non-diverse defendant in the event of remand.  *See id.* at 1330–31.  Finding that the plaintiff had failed "to pursue in good faith his claims against" the non-diverse defendant, *id.* at 1331, the court denied the motion to remand and dismissed the non-diverse defendant on grounds of fraudulent joinder, *see id.* at 1332.

*Faulk* is distinguishable. Unlike in *Faulk*, Plaintiffs served the administratrix of Ms. Perdue's estate with the summons and complaint three months prior to Ford's removal, and Plaintiffs have not abandoned their claim of negligence against the administratrix of Ms. Perdue's estate. Ford suggests, however, that if Plaintiffs truly were pursuing a judgment against the administratrix, they would have added a wantonness claim as they did against Ford. But Plaintiffs' motivation for seeking recovery against the administratrix of Ms. Perdue's estate on one claim and not on another is not a proper inquiry in the fraudulent joinder analysis. *Cf. Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1291 (11th Cir. 1998) ("[A] plaintiff's motivation for joining a defendant is not important as long as the plaintiff has the intent to pursue a judgment against the defendant."). Ford has not shown that Plaintiffs lack any intention of prosecuting the negligence claim against the administratix of Ms. Perdue's estate. Moreover, given that there are many potential good-faith reasons why Plaintiffs may have decided not to bring a wantonness claim against the administratrix, such as the need for discovery or the belief that the facts did not support a wantonness claim, Ford has not shown that Plaintiffs' failure to bring a wantonness claim against the administratrix suggests Plaintiffs' intent to avoid diversity jurisdiction. *Cf. id.* at 1290 n.8 (noting that there were "potential reasons" not steeped in bad faith "that plaintiff might not have joined the other [non-diverse] dealerships").

In sum, Ford has not satisfied its heavy burden of demonstrating that Plaintiffs fraudulently joined the administratrix of Ms. Perdue's estate to defeat diversity jurisdiction. The presence of the administratrix of Ms. Perdue's estate in this suit means there is a non-diverse defendant against whom there is a potential cause of action. Her presence destroys the complete diversity necessary to make removal jurisdiction proper under § 1441(a) and § 1332(a). Remand is required.

**B.    Ford's motion to realign the administratrix of Ms. Perdue's estate as a plaintiff is due to be denied because there is an actual and substantial controversy between Plaintiffs and the administratrix.**

The Eleventh Circuit has held that, in the removal context, "parties cannot avoid diversity by their designation of the parties . . . ." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (emphasis omitted). The district court must "look beyond the pleadings and arrange the parties according to their sides in the dispute . . . ." *Id.* at 1313–14 (internal citation and quotation marks omitted). Where the parties' "interests are the same" as to the outcome of the litigation, the court must align those parties on the same side of the lawsuit. *Id.* at 1314 (citing *Weller v. Navigator Marine, Inc.*, 737 F.2d 1547, 1548 (11th Cir. 1984)). Where, however, "there is an actual or substantial controversy between citizens of different states," realignment is not proper. *Weller*, 737 F.2d at 1548 (citation and internal quotation marks omitted).

Ford contends that the court should realign the administratrix of Ms. Perdue's estate as a plaintiff because her "actual interests are the same as Plaintiffs'" in that "the real target of this litigation is Ford," and that upon realignment, complete diversity will exist. (Ford's Resp. to Mot. to Remand, at 9.) This argument fails for at least two reasons.

First, Ford's argument is cursory and lacks any meaningful analysis. Second, even assuming that the interests of Plaintiffs and the administratrix of Ms. Perdue's estate align with respect to the claims against Ford pertaining to the Explorer's alleged design flaw, there remains in this suit another controversy between Plaintiffs and the administratrix. Namely, Plaintiffs contend that Ms. Perdue "negligently operated her vehicle so as to lose control" and that her negligence caused their injuries. (Compl., at 18.) As to the negligence claim, Plaintiffs' interests clearly are averse to the interests of the administratrix of Ms. Perdue's estate, and that controversy is both actual and substantial. Accordingly, Ford's motion to realign the parties is due to be denied.

### III. CONCLUSION

Based on the foregoing, it is ORDERED that Ford's motion to realign the parties (Doc. # 9) is DENIED.

It is further ORDERED that Plaintiffs' Motion to Remand (Doc. # 6) is GRANTED, and that the action is REMANDED to the Circuit Court of Chambers

County, Alabama.  The Clerk of the Court is DIRECTED to take appropriate steps to effect the remand.

DONE this 16th day of September, 2013.

                                                       /s/ W. Keith Watkins
                                    CHIEF UNITED STATES DISTRICT JUDGE